# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1998

FILED

June 24, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| CHARLES D. PRICE, | ) | C.C.A. NO. 01C01-9702-CR-00042 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. SETH NORMAN |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Habeas Corpus - Relief) |

FOR THE APPELLANT:

THOMAS A. LONGABERGER
300 James Robertson Parkway
Nashville, Tn 37201

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tn 37243

VICTOR S. JOHNSON
District Attorney General

STEVE DOZIER
Assistant District Attorney
Washington Sq., Ste. 500
222-2nd Avenue North
Nashville, TN 37201-1649

ORDER FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# <u>ORDER</u>

On November 17, 1995, Appellant, Charles D. Price, entered a guilty plea to being a habitual motor vehicle offender. After the plea, but before sentencing, Appellant broke his back. As a result of requiring medical care and physical therapy to help him recover from his accident, Appellant agreed to a three year and one day sentence so that he could be sent to the Special Needs Facility. Appellant began serving his sentence November 20, 1995. He was granted parole on February 7, 1997, but was reincarcerated after a parole violation on March 4, 1997. Appellant filed a writ of habeas corpus in the trial court, claiming that the sentence imposed in his case was illegal in that he was improperly sentenced as a Range II offender. Appellant was released from state custody in November 30, 1997.

It is a well-established principle of law that the remedy of habeas corpus is limited in scope as well as relief. <u>Archer v. State</u>, 851 S.W.2d 157, 161-162(Tenn. 1993). As the Supreme Court held in <u>Archer v. State</u>, a proper petition for habeas corpus relief may be brought at any time, while the petitioner is incarcerated to contest a void judgment or an illegal confinement. The remedy of a habeas writ is limited to cases where the judgment is void or the term of imprisonment has expired. Further, "the only relief that can be given a prisoner in a state habeas corpus proceeding is release." <u>State v. Warren</u>, 740 S.W.2d 427, 428 (Tenn. Crim. App.1986).

As a general rule, Tennessee courts will not entertain a case that is moot. A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party. See McIntyre v. Traughber, 884 S.W.2d 134, 137 (Tenn. App. 1994). The two most recognized exceptions to the mootness rule include issues of great public interest and importance to the administration of justice and issues capable of repetition yet evading review. Id. Whether to take up cases that fit into one of the recognized exceptions to the mootness doctrine is discretionary with the appellate courts. Id.

It is apparent that the instant case is moot since Appellant is no longer in state custody. Moreover, from our review of the record, it does not appear that this case falls within one of the exceptions to the mootness doctrine.

IT IS, THEREFORE, ORDERED by the Court that the above-styled appeal is hereby dismissed pursuant to Court of Criminal Appeals Rule 20. Costs are taxed to the state.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
THOMAS T. WOODALL, JUDGE